**McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Plaintiff,
The Guardian Life Insurance Company of America

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>THE WILLMS FINANCIAL NETWORK, LLC, and BRIAN SCOTT WILLMS,<br><br>Defendants. | Civil Action No: 15-cv-00461 (JGK)<br><br>**AMENDED COMPLAINT**<br><br>ECF CASE |

Plaintiff, The Guardian Life Insurance Company of America ("Guardian"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLC, for its Complaint against Defendants, The Willms Financial Network, LLC ("WFN"), and Brian Scott Willms ("Willms"), alleges as follows:

**NATURE OF THE SUIT**

1. This is an action by Guardian to obtain repayment from defendants of indebtedness owed and interest accrued thereon pursuant to several written Agreements, Promissory Notes, and Personal Notes.

## THE PARTIES

2. Guardian is a corporation incorporated under the laws of the State of New York with its principal offices located at 7 Hanover Square, New York, New York 10004.

3. Willms is a resident and citizen of the State of Ohio maintaining his true fixed home, primary residence, and domicile at 9040 Moors Place North, Dublin, Ohio 43017-9048.

4. WFN is a limited liability corporation incorporated under the laws of the State of Ohio with its principal offices located at 4248 Tuller Road, Suite 201, Dublin, Ohio, 43017.

5. Willms is the sole member, incorporator, officer, and owner of WFN. There are no other members of WFN. No other natural person is a member of WFN. No corporate or other entity is a member of WFN.

## JURISDICTION AND VENUE

6. This Court possesses subject matter jurisdiction based on diversity of citizenship of the within parties pursuant to 28 U.S.C. §1332.

7. This Court has jurisdiction of and over the subject matters of this action pursuant to 28 U.S.C. §1332 in that it is wholly between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Guardian is a corporation of, and maintains its principal place of business in, the State of New York and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. §1332.

9. Willms maintains a true fixed home, primary residence, and domicile located at 9040 Moors Place North, Dublin, Ohio 43017-9048 and is a citizen of the State of Ohio within the meaning and intent of 28 U.S.C. §1332.

10. WFN is a limited liability corporation of, and maintains its principal place of business in, the State of Ohio and is a citizen of the State of Ohio within the meaning and intent of 28 U.S.C. § 1332.

11. Willms is the sole member of WFN.

12. Willms is domiciled in the State of Ohio, maintaining his true fixed home, primary residence, and domicile at 9040 Moors Place North, Dublin, Ohio 43017-9048, and is a citizen of the State of Ohio within the meaning and intent of 28 U.S.C. §1332.

13. There are no other members of WFN.  No natural person other than Willms is a member of WFN.  No corporate or other entity is a member of WFN.

14. There is complete diversity of citizenship between the parties to this civil action within the meaning and intent of 28 U.S.C. §1332.

15. The amount in controversy between the parties exceeds the sum of $75,000.00 exclusive of interest and costs of suit.

16. This Court maintains original jurisdiction based on the diversity of citizenship of the within parties pursuant to 28 U.S.C. §1332 and supplemental jurisdiction pursuant to 28 U.S.C. §1397.

17. Venue in this District is proper pursuant to 28 U.S.C. §1391(a).

18. This Court has <u>in personam</u> jurisdiction over defendants pursuant to Fed. R. Civ. P. 4 and N.Y. C.P.L.R. § 301 and § 302.

## FACTUAL ALLEGATIONS

A.     **Defendants' Relationships With Guardian**

19.    Guardian and its subsidiaries provide their clients with life and disability income insurance, retirement services, and investment products such as mutual funds, securities, variable life insurance, and variable annuities. Guardian also supplies employee benefits programs, including life, health, and dental insurance as well as qualified pension plans.

20.    Effective on or about February 1, 2002 and continuing until on or about January 31, 2005, Willms functioned as Career Development Manager of Guardian's Agency located in Columbus, Ohio ("Central Ohio Agency").

21.    From on or about February 1, 2005 to on or about October 4, 2010, WFN was Corporate General Agent, and Willms was General Agent, of Guardian's Central Ohio Agency.

22.    Commencing on or about October 6, 2010 and continuing for several months thereafter, Willms functioned as Agency Supervisor of Guardian's Central Ohio Agency.

23.    While functioning as Career Development Manager, Corporate General Agent, General Agent, and Agency Supervisor of Guardian, defendants solicited applications for life, disability, health, and group insurance as well as annuities and other products; aided in the maintenance of existing insurance policies, annuities, and other products; and serviced existing and new policyholders, annuitants, and beneficiaries.

4

**B.** **The Parties' Agreements And Notes**

24. In connection with their relationships with Guardian, defendants entered into and executed various Agreements and Notes with Guardian including, but not limited to, several Memorandums of Agreement, Agreements of General Agency, Promissory Notes, Personal Notes, and an Agreement and Limited Release ("Agreements and Notes").

25. Pursuant to the Agreements and Notes, Guardian made loans to defendants for the operating costs of the Central Ohio Agency. Such loans were to be repaid from the Central Ohio Agency's earnings and, to the extent unpaid, became an interest-bearing indebtedness to Guardian payable upon demand.

26. In addition, annually, on the last calendar day of each year, the outstanding unpaid interest was added to, and became part of, defendants' indebtedness.

27. Pursuant to the terms of the Agreements and Notes, upon termination of defendants' Corporate General Agency and General Agency relationships with Guardian, defendants' indebtedness bears interest to the full extent permitted by law.

28. By signing the Agreements and Notes, Willms personally promised and became obligated to repay such interest-bearing indebtedness on demand to Guardian.

29. The Agreements and Notes provide that Guardian's books and records constitute sufficient evidence of defendants' indebtedness.

30. On or about October 4, 2010, Willms' General Agency relationship with Guardian was terminated and, as a result, pursuant to the terms of the Agreements and

Notes, WFN's Corporate General Agency relationship with Guardian immediately and automatically terminated.

31. On or about October 6, 2010, defendants and Guardian entered into an Agreement and Limited Release whereby, among other things, defendants acknowledged their indebtedness to, and obligation to repay, Guardian as well as Guardian's ability to withhold override and personal commissions otherwise due to defendants in partial repayment of their debt.

32. Since October 4, 2010, in accordance with the terms of the Agreements and Notes, Guardian has withheld override and personal commissions otherwise due to defendants in partial repayment of their debt to Guardian and will continue to do so in the future.

33. Also since October 4, 2010, Guardian has periodically provided defendants with Statements setting forth their indebtedness and detailing the credits for withheld override and personal commissions and the debits for accrued interest and annually issued IRS Forms 1099.

C.   **Defendants' Breaches Of The Agreements And Notes**

34. In or about September, 2012, Guardian made demand upon defendants for full repayment of their then outstanding indebtedness which, through June 30, 2012, totaled approximately $333,371.82.

35. As of December 31, 2014, defendants' interest-bearing indebtedness to Guardian totaled $441,880.71. Annexed hereto as Exhibit A is a true copy of Statements which set forth defendants' indebtedness as of December 31, 2014.

36. Additional interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt has accrued since December 31, 2014, and continues to accrue.

37. Also since December 31, 2014 and continuing in the future, any override commissions otherwise due to defendants have been and will be withheld in partial repayment of their indebtedness to Guardian.

38. Pursuant to the terms of the Agreements and Notes, all overriding commissions paid on premiums refunded by Guardian for any reason shall be repaid by defendants to Guardian and, if not so repaid, such commissions shall constitute additional indebtedness of defendants to Guardian.

39. Also pursuant to the Agreements and Notes, any amounts paid by Guardian to settle complaints related to any breach of defendants' duties and responsibilities constitute additional indebtedness of defendants to Guardian.

40. Following the termination of defendants' relationships with Guardian, Guardian received several complaints related to defendants' breaches of their duties and responsibilities from several of defendants' former customers.

41. In settlement and resolution of the complaints, Guardian paid amounts and refunded premiums to the complaining customers which have not been repaid by defendants to Guardian and, as a result, constitute additional indebtedness owed by defendants to Guardian.

42. To date, defendants have failed to make payment to Guardian in the full amount of their indebtedness.

## FIRST COUNT
**Breach of Contract (Loans)**

43.     Guardian repeats and restates the allegations set forth in paragraphs 1 through 43 of the Complaint as if set forth at length herein.

44.     The Agreements and Notes entered into by the parties constitute contracts between Guardian and defendants. Guardian refers to the Agreements and Notes for the terms and conditions contained therein.

45.     Pursuant to the Agreements and Notes, defendants expressly agreed to repay, upon demand, all loans (and interest thereon) made by Guardian to defendants for the operating costs of the Central Ohio Agency.

46.     Guardian made loans to defendants for the operating costs of the Central Ohio Agency.

47.     In or about September, 2012, Guardian demanded full repayment from defendants of all loans and accrued interest.

48.     Defendants breached the Agreements and Notes with Guardian by failing to make repayment of all loans and accrued interest to Guardian.

49.     Defendants' failure to repay the full amount of all loans and accrued interest due and owing to Guardian constitutes a breach of the Agreements and Notes.

50.     As a result of defendants' breach, as of December 31, 2014, Guardian has suffered damages totaling at least $441,880.71, plus interest which continues to accrue at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt since December 31, 2014.

**WHEREFORE**, Guardian requests that the Court enter judgment against defendants in the amount of at least $441,880.71 and contractual interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 to the date of the Judgment, plus post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

## SECOND COUNT
### Book Account

51. Guardian repeats and restates the allegations set forth in paragraphs 1 through 51 of the Complaint as if set forth at length herein.

52. There is due and owing from defendants to Guardian the sum of at least $441,880.71, plus interest which continues to accrue at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 as shown on the Statements attached hereto as Exhibit A as a certain book account.

53. Payment has been demanded, but has not been made by defendants.

**WHEREFORE**, Guardian requests that the Court enter judgment against defendants in the amount of at least $441,880.71 and contractual interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 to the date of the Judgment, plus post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

## THIRD COUNT
### Account Stated

54. Guardian repeats and restates the allegations set forth in paragraphs 1 through 54 of the Complaint as if set forth at length herein.

55. The Statements attached hereto as Exhibit A constitute an account stated. According to the account stated, the amount of at least $441,880.71 plus interest which continues to accrue at the rates of 3.75% for secured debt and 4.75% for unsecured debt from December 31, 2014 is due and owing from defendants to Guardian.

56. Payment has been demanded, but has not been made by defendants.

**WHEREFORE**, Guardian requests that the Court enter judgment against defendants in the amount of at least $441,880.71 and contractual interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 to the date of the Judgment, plus post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

## FOURTH COUNT
**Breach of Contract (Commissions on Refunded Premiums and Settlement Amounts)**

57. Guardian repeats and restates the allegations set forth in paragraphs 1 through 57 of the Complaint as if set forth at length herein.

58. Pursuant to the Agreements and Notes, defendants expressly agreed to repay to Guardian all override commissions paid on premiums refunded by Guardian for any reason and all amounts paid by Guardian to settle complaints related to any breach of defendants' duties and responsibilities.

59. Guardian refunded premiums and paid amounts in settlement of complaints related to breaches of defendants' duties and responsibilities to several former customers of defendants which, in further breach of the Agreements and Notes, have not been repaid by defendants to Guardian.

WHEREFORE, Guardian requests that the Court enter judgment against defendants in the additional amount of all override commissions paid to defendants on premiums refunded and all amounts paid in settlement of complaints by Guardian to former customers of defendants plus pre- and post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

### FIFTH COUNT
### Unjust Enrichment

60. Guardian repeats and restates the allegations set forth in paragraphs 1 through 60 of the Complaint as if set forth at length herein.

61. Defendants received loans from Guardian for the benefit and operating costs of the Central Ohio Agency.

62. Defendants were also paid override commissions on premiums subsequently refunded to defendants' former customers.

63. Defendants have not made full repayment to Guardian of the loans extended, interest accrued thereon, and override commissions paid on the refunded premiums.

64. As a result of defendants' failure to repay Guardian, defendants have been unjustly enriched.

65. As a result of defendants' unjust enrichment, Guardian has suffered damages totaling the amount of at least $441,880.71, plus interest which continues to accrue at the rates of 3.75% for secured debt and 4.75% for unsecured debt from December 31, 2014 and in the additional amount of all override commissions paid to defendants on premiums refunded by Guardian to defendants' former customers.

WHEREFORE, Guardian requests that the Court enter judgment against defendants in the amount of at least $441,880.71 and contractual interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 to the date of the Judgment and in the additional amount of all override commissions paid to defendants on premiums refunded to defendants' former customers, plus pre- and post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

## SIXTH COUNT
### Promissory Estoppel

66. Guardian repeats and restates the allegations set forth in paragraphs 1 through 66 of the Complaint as if set forth at length herein.

67. Defendants made clear and definite promises to repay Guardian for all loans extended and for all overriding commissions paid on premiums refunded and all amounts paid in settlement of complaints related to any breach of defendants' duties and responsibilities by Guardian to defendants' former customers, plus contractual interest.

68. Guardian reasonably relied upon the promises made by defendants.

69. Guardian made loans to defendants and refunded premiums and paid amounts to defendants' former customers in reliance upon defendants' promises.

70. Defendants have failed to fulfill their promises to repay Guardian.

71. As a result, Guardian should be compensated for damages incurred as a result of its reliance on defendants' promises in an amount totaling at least $441,880.71, plus interest at the rates of 3.75% for secured debt and 4.75% for unsecured debt from December 31, 2014 to the date of the Judgment and in the amount of all override

commissions paid to defendants on premiums refunded to defendants' former customers and all amounts paid in settlement of complaints related to any breach of defendants' duties and responsibilities by Guardian to defendants' former customers, plus pre- and post-judgment interest and costs.

**WHEREFORE**, Guardian requests that the Court enter judgment against defendants in the amount of at least $441,880.71 and contractual interest at the rates of 3.75% on defendants' secured debt and 4.75% on defendants' unsecured debt from December 31, 2014 to the date of the Judgment and in the additional amount of all override commissions paid to defendants on premiums refunded to defendants' former customers and all amounts paid in settlement of complaints related to any breach of defendants' duties and responsibilities by Guardian to defendants' former customers, plus pre- and post-judgment interest and costs, and awarding such further relief as the Court deems just and proper.

        **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
        Attorneys for Plaintiff,
        The Guardian Life Insurance Company of America

By: _____
        Colleen M. Duffy, Esq.

By: _____
        Steven P. DelMauro, Esq.

Dated: April 8, 2015

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I certify under penalty of perjury that the matter in controversy is not subject to any other known action pending in any court or of any pending arbitration or administrative proceeding.

                                          **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                                          Attorneys for Plaintiff,
                                          The Guardian Life Insurance Company of America

By: _____
        Colleen M. Duffy, Esq.

By: _____
        Steven P. DelMauro, Esq.

Dated:  April 8, 2015

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)

Pursuant to Local Civil Rule 201.1(d)(3), I certify under penalty of perjury that the damages recoverable in their action exceed the sum of $150,000, exclusive of costs and interest.

                                          **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                                          Attorneys for Plaintiff,
                                          The Guardian Life Insurance Company of America

By: _____
        Colleen M. Duffy, Esq.

By: _____
        Steven P. DelMauro, Esq.

Dated:  April 8, 2015
1870280

# EXHIBIT A

| | | | | | | |
|---|---|---|---|---|---|---|
| Agency Financial Services<br>7 Hanover Square<br>New York, NY 10004<br>Voice: (212) 598-8205 Ext.<br>Fax: Ext. | | | | **STATEMENT**<br>Page:   1<br>Statement Date:   01/13/2015<br><br>Current Interest Rate   3.75% | | |

Central Ohio, 1S
Brian S. Willms
9040 Moors Place North
Dublin, OH 43017

Total Interest to date:   $ 130.86

| Date | Invoice No | Description | Debit | Credit | Balance | Interest |
|---|---|---|---|---|---|---|
| 10/31/2004 | 0000000010-IN | Balance Forward | $ 28,215.82 | | 28,215.82 | |
| 11/30/2004 | 0000000255-CM | FE/Payroll - November 2004 | | $5,439.63 | 22,776.19 | |
| 12/31/2004 | 0000000290-CM | FE/Payroll - Dec 04 applied to debt | | $2,719.81 | 20,056.38 | |
| 12/31/2004 | 0000000352-FC | Interest - 2004 | $ 2,036.55 | | 22,092.93 | |
| 1/24/2005 | 0000000465-CM | FE/Payroll | | $2,545.16 | 19,547.77 | |
| 12/15/2005 | 0000002802-FC | Interest - 2005 | $ 1,310.82 | | 20,858.59 | |
| 1/30/2006 | 0000003150-IN | Financial Results 2005 | $ 135,100.00 | | 155,958.59 | |
| 3/31/2006 | 0000003604-CM | FAS Withheld March 06 | | $6,000.00 | 149,958.59 | |
| 4/30/2006 | 0000003776-IN | FAS Withheld April 06 | $ 19,969.26 | | 169,927.85 | |
| 5/31/2006 | 0000004004-CM | FAS Withheld May 06 | | $6,000.00 | 163,927.85 | |
| 6/30/2006 | 0000004190-CM | FAS Withheld June 06 | | $6,000.00 | 157,927.85 | |
| 7/31/2006 | 0000004378-CM | FAS Withheld July 06 | | $6,000.00 | 151,927.85 | |
| 8/22/2006 | 0000004522-CM | Excess cash in CDM Chase account | | $6,852.81 | 145,075.04 | |
| 8/22/2006 | 0000004523-CM | CR int on 19547.77 repaid to CDM acct | | $1,210.00 | 143,865.04 | |
| 8/31/2006 | 0000004552-CM | FAS Withheld August 06 | | $6,000.00 | 137,865.04 | |
| 9/30/2006 | 0000004711-DM | FAS Withheld Sept 06 | $ 32,865.34 | | 170,730.38 | |
| 10/31/2006 | 0000004959-CM | FAS Withheld October 06 | | $1,850.85 | 168,879.53 | |
| 11/30/2006 | 0000005175-IN | Security rent deposit to Debt B Willms | $ 3,470.00 | | 172,349.53 | |
| 11/30/2006 | 0000005105-CM | FAS Withheld November 06 | | $3,855.54 | 168,493.99 | |
| 12/15/2006 | 0000005374-FC | Interest - 2006 | $ 10,522.16 | | 179,016.15 | |
| 12/31/2006 | 0000005495-CM | FAS Withheld December 06 | | $6,635.82 | 172,380.33 | |
| 1/9/2007 | 0000005639-IN | Operating Capital Loan transfer to debt | $ 23,000.00 | | 195,380.33 | |
| 1/30/2007 | 0000005718-CM | Financial Results 2006 | | $11,020.00 | 184,360.33 | |
| 1/31/2007 | 0000005765-CM | FAS Withheld January 2007 | | $446.18 | 183,914.15 | |
| 2/28/2007 | 0000005952-CM | FAS Withheld February 07 | | $3,504.25 | 180,409.90 | |
| 3/31/2007 | 0000006141-CM | FAS Withheld March 07 | | $16,513.00 | 163,896.90 | |
| 4/30/2007 | 0000006317-IN | April 07 FAS Withheld | $ 5,337.50 | | 169,234.40 | |
| 5/31/2007 | 0000006476-CM | FAS Withheld May 07 | | $15,000.00 | 154,234.40 | |
| 6/13/2007 | 0000006626-CM | Check 010992 dtd 6/7/07 to pay debt | | $6,470.00 | 147,764.40 | |
| 6/30/2007 | 0000006649-CM | FAS Withheld June 07 | | $15,000.00 | 132,764.40 | |
| 7/31/2007 | 0000006822-CM | FAS Withheld July 2007 | | $13,239.13 | 119,525.27 | |
| 8/31/2007 | 0000007066-CM | FAS Withheld August 2007 | | $15,000.00 | 104,525.27 | |
| 9/30/2007 | 0000007223-CM | FAS Withheld September 2007 | | $14,171.97 | 90,353.30 | |
| 10/31/2007 | 0000007380-CM | FAS Withheld October 07 | | $15,000.00 | 75,353.30 | |
| 11/30/2007 | 0000007538-CM | FAS Withheld November 07 | | $17,463.23 | 57,890.07 | |
| 12/15/2007 | 0000007694-FC | Interest - 2007 | $ 11,555.79 | | 69,445.86 | |
| 12/31/2007 | 0000007792-CM | FAS Withheld December 07 | | $24,970.36 | 44,475.50 | |
| 1/31/2008 | 0000008004-IN | Financial Results 2007 | $ 464,766.00 | | 509,241.50 | |
| 1/31/2008 | 0000008021-CM | FAS Withheld January 08 | | $25,000.00 | 484,241.50 | |
| 2/29/2008 | 0000008378-CM | FAS Withheld February 08 | | $15,625.53 | 468,615.97 | |
| 3/31/2008 | 0000008539-CM | FAS Withheld March 08 | | $21,487.41 | 447,128.56 | |
| 4/30/2008 | 0000008697-CM | FAS Withheld April 08 | | $12,226.90 | 434,901.66 | |

Agent ID: 1S002

1

**STATEMENT**

Page: 2
Statement Date: 01/13/2015

Central Ohio, 1S
Brian S. Willms
9040 Moors Place North
Dublin, OH 43017

| Date | Invoice No | Description | Debit | Credit | Balance | Interest |
|---|---|---|---|---|---|---|
| 5/30/2008 | 0000008864-CM | FAS Withheld May 08 | | $16,274.49 | 418,627.17 | |
| 6/30/2008 | 0000009022-CM | FAS Withheld June 08 | | $19,997.29 | 398,629.88 | |
| 7/18/2008 | 0000009151-IN | Funds to cover Chase acct Deficiency | $ 24,515.13 | | 423,145.01 | |
| 7/31/2008 | 0000009164-CM | FAS Withheld July 08 | | $22,096.21 | 401,048.80 | |
| 8/31/2008 | 0000009309-CM | FAS Withheld August 08 | | $11,714.93 | 389,333.87 | |
| 9/30/2008 | 0000009450-CM | FAS Withheld September 08 | | $27,848.24 | 361,485.63 | |
| 10/31/2008 | 0000009595-CM | FAS Withheld October 08 | | $9,946.55 | 351,539.08 | |
| 11/28/2008 | 0000009733-CM | FAS Withheld November 08 | | $35,229.69 | 316,309.39 | |
| 12/15/2008 | 0000009872-FC | Interest - 2008 | $ 29,205.11 | | 345,514.50 | |
| 12/31/2008 | 0000009969-CM | FAS Withheld December 08 | | $20,667.00 | 324,847.50 | |
| 1/29/2009 | 0000010202-IN | Financial Results 2008 | $ 51,057.00 | | 375,904.50 | |
| 1/31/2009 | 0000010254-CM | FAS Withheld - January 2009 | | $12,765.34 | 363,139.16 | |
| 2/27/2009 | 0000010410-CM | FAS Withheld February 2009 | | $11,907.06 | 351,232.10 | |
| 3/31/2009 | 0000010785-CM | FAS Withheld March 2009 | | $7,601.24 | 343,630.86 | |
| 4/30/2009 | 0000011314-CM | FAS Withheld April 09 | | $16,700.19 | 326,930.67 | |
| 5/29/2009 | 0000011507-CM | FAS Withheld May 09 | | $18,828.80 | 308,101.87 | |
| 6/30/2009 | 0000011690-CM | FAS Withheld June 09 | | $27,826.74 | 280,275.13 | |
| 7/31/2009 | 0000011854-CM | FAS Withheld July 09 | | $19,791.32 | 260,483.81 | |
| 8/31/2009 | 0000012022-CM | FAS Withheld August 09 | | $19,715.12 | 240,768.69 | |
| 9/30/2009 | 0000012191-CM | FAS Withheld Sept 09 | | $35,127.98 | 205,640.71 | |
| 10/30/2009 | 0000012357-CM | FAS Withheld October 09 | | $16,748.33 | 188,892.38 | |
| 11/30/2009 | 0000012510-CM | FAS Withheld Nov 09 | | $22,321.19 | 166,571.19 | |
| 12/15/2009 | 0000012657-FC | Interest - 2009 | $ 11,584.45 | | 178,155.64 | |
| 12/31/2009 | 0000012787-CM | FAS Withheld Dec 09 | | $32,147.40 | 146,008.24 | |
| 1/21/2010 | 0000012953-IN | Financial Results 2009 | $ 80,039.00 | | 226,047.24 | |
| 1/29/2010 | 0000013039-CM | FAS Withheld January 2010 | | $20,000.00 | 206,047.24 | |
| 2/26/2010 | 0000013314-IN | Reverse Incorrect FAS Withheld Feb Batc | $ 20,000.00 | | 226,047.24 | |
| 2/26/2010 | 0000013249-CM | FAS Withheld February 2010 | | $20,000.00 | 206,047.24 | |
| 2/26/2010 | 0000013344-CM | Correct FAS Withheld February 2010 | | $12,372.84 | 193,674.40 | |
| 3/31/2010 | 0000013521-CM | FAS Withheld March 2010 | | $12,666.45 | 181,007.95 | |
| 4/30/2010 | 0000014699-CM | FAS Withheld April 2010 | | $20,000.00 | 161,007.95 | |
| 5/28/2010 | 0000014872-CM | FAS Withheld May 2010 | | $26,573.71 | 134,434.24 | |
| 6/25/2010 | 0000015037-IN | Reelasing $30K for Cash Flow Shortage | $ 30,000.00 | | 164,434.24 | |
| 6/30/2010 | 0000015050-CM | FAS Withheld June 2010 | | $24,250.89 | 140,183.35 | |
| 7/30/2010 | 0000015235-CM | FAS Withheld July 2010 | | $8,146.65 | 132,036.70 | |
| 8/31/2010 | 0000015441-CM | FAS Withheld August 2010 | | $21,634.81 | 110,401.89 | |
| 9/30/2010 | 0000015565-CM | FAS Withheld September 2010 | | $34,523.90 | 75,877.99 | |
| 10/29/2010 | 0000015726-CM | FAS Withheld October 2010 | | $3,517.94 | 72,360.05 | |
| 11/30/2010 | 0000015872-DM | FAS Withheld November 2010 | $ 6,891.71 | | 79,251.76 | |
| 12/15/2010 | 0000016029-FC | Interest - 2010 | $ 5,100.93 | | 84,352.69 | |
| 12/23/2010 | 0000016018-IN | GA Expenses Paid from Guardian Agen A | $ 36,490.50 | | 120,843.19 | |
| 12/31/2010 | 0000016179-CM | FAS Withheld December 2010 | | $20,482.61 | 100,360.58 | |

Agent ID: 1S002

2

**STATEMENT**

Page: 3
Statement Date: 01/13/2015

Central Ohio, 1S
Brian S. Willms
9040 Moors Place North
Dublin, OH 43017

| Date | Invoice No | Description | Debit | Credit | Balance | Interest |
|---|---|---|---|---|---|---|
| 1/7/2011 | 0000016152-IN | Cash Needed for Chase Commission Acco | $ 14,692.15 | | 115,052.73 | |
| 1/28/2011 | 0000016329-IN | Financial Results 2010 | $ 297,252.00 | | 412,304.73 | |
| 1/31/2011 | 0000016393-CM | FAS Withheld January 2011 | | $10,305.97 | 401,998.76 | |
| 1/31/2011 | 0000017139-CM | Settlement/purchase of agency equipment | | $25,000.00 | 376,998.76 | |
| 2/28/2011 | 0000016916-CM | FAS Withheld February 2011 | | $3,566.22 | 373,432.54 | |
| 3/31/2011 | 0000017178-IN | EAP Payments charged to former GA | $ 8,629.96 | | 382,062.50 | |
| 3/31/2011 | 0000017212-IN | FAS Withheld March 2011 | $ 10,201.34 | | 392,263.84 | |
| 4/30/2011 | 0000017369-CM | FAS Withheld April 2011 | | $13,102.12 | 379,161.72 | |
| 5/31/2011 | 0000017510-CM | FAS Withheld May 2011 | | $26,721.06 | 352,440.66 | |
| 6/30/2011 | 0000017660-DM | FAS Withheld june 2011 | $ 11,412.24 | | 363,852.90 | |
| 7/31/2011 | 0000017966-CM | FAS Withheld July 2011 | | $6,623.10 | 357,229.80 | |
| 8/31/2011 | 0000018129-IN | FAS Withheld August 2011 | $ 18,213.91 | | 375,443.71 | |
| 9/30/2011 | 0000018274-CM | FAS Withheld September 2011 | | $997.75 | 374,445.96 | |
| 10/21/2011 | 0000018489-DM | Moving Services for Central Ohio 1S | $ 1,313.00 | | 375,758.96 | |
| 10/31/2011 | 0000018531-CM | FAS Withheld Oct 2011 | | $15,989.82 | 359,769.14 | |
| 11/1/2011 | 0000018500-IN | Reimburse agency for rent share | $ 9,884.50 | | 369,653.64 | |
| 11/1/2011 | 0000018501-IN | Reimburse agency for rent share | $ 2,093.65 | | 371,747.29 | |
| 11/30/2011 | 0000018682-CM | FAS Withheld Nov 2011 | | $12,945.05 | 358,802.24 | |
| 12/15/2011 | 0000018783-FC | Interest-2011 | $ 13,013.14 | | 371,815.38 | |
| 12/31/2011 | 0000018946-CM | FAS Withheld Dec 2011 | | $12,447.68 | 359,367.70 | |
| 1/31/2012 | 0000019253-CM | FAS Withheld January 2012 | | $15,743.87 | 343,623.83 | |
| 1/31/2012 | 0000019620-CM | Moved Balance to Unsecured Acct 1S002 | | $172,079.83 | 171,544.00 | |
| 2/29/2012 | 0000019865-IN | Move FAS Withheld February 2012 1S00: | $ 15,251.43 | | 186,795.43 | |
| 2/29/2012 | 0000019382-CM | FAS Withheld February 2012 | | $15,251.43 | 171,544.00 | |
| 3/31/2012 | 0000019868-CM | Move FAS Withheld March 2012 to 1S00: | | $30,845.70 | 140,698.30 | |
| 3/31/2012 | 0000019581-DM | FAS Withheld March 2012 | $ 30,845.70 | | 171,544.00 | |
| 12/15/2012 | 0000021306-FC | Interest-2012 | $ 7,019.90 | | 178,563.90 | |
| 8/31/2013 | 0000022612-CM | Moved to Unsecured Account 1S002u | | $89,324.90 | 89,239.00 | |
| 12/15/2013 | 0000023065-FC | Interest - 2013 | $ 5,579.56 | | 94,818.56 | |
| 8/31/2014 | 0000024414-CM | Moved to UnSecured Acct 1S002U | | $55,801.00 | 39,017.56 | |
| 12/15/2014 | 0000024918-FC | Interest - 2014 | $ 2,858.20 | | 41,875.76 | |
| 12/31/2014 | 0000025052-FC | Interest | | | 41,875.76 | $ 130.86 |

Agent ID: 1S002

3

Agency Financial Services  
7 Hanover Square  
New York, NY 10004  
Voice: (212) 598-8205  Ext.  
Fax:  Ext.

**STATEMENT**

Page: 1  
Statement Date: 01/13/2015

Current Interest Rate  4.75%

Central Ohio, 1S

Total Interest to date: $ 1,576.62

| Date | Invoice No | Description | Debit | Credit | Balance | Interest |
|---|---|---|---|---|---|---|
| 1/31/2012 | 0000019621-DM | Moved from Secured Acct 1S002 | $ 172,079.83 | | 172,079.83 | |
| 2/29/2012 | 0000019866-CM | FAS Withheld for February 2012 | | $15,251.43 | 156,828.40 | |
| 3/31/2012 | 0000019869-DM | FAS Withheld March 2012 | $ 30,845.70 | | 187,674.10 | |
| 4/30/2012 | 0000019909-CM | FAS Withhled April 2012 | | $10,324.99 | 177,349.11 | |
| 5/31/2012 | 0000020113-CM | FAS Withheld May 2012 | | $13,031.60 | 164,317.51 | |
| 6/30/2012 | 0000020377-CM | FAS Withheld June 2012 | | $10,833.97 | 153,483.54 | |
| 7/31/2012 | 0000020523-CM | FAS Withheld July 2012 | | $159.75 | 153,323.79 | |
| 8/31/2012 | 0000020664-CM | FAS Withheld Aug 2012 | | $3,973.17 | 149,350.62 | |
| 9/30/2012 | 0000020842-CM | FAS Withheld Sept 2012 | | $10,113.55 | 139,237.07 | |
| 10/31/2012 | 0000020974-CM | FAS Withheld Oct 2012 | | $6,530.48 | 132,706.59 | |
| 11/30/2012 | 0000021084-CM | FAS Withheld Nov 2012 | | $7,036.66 | 125,669.93 | |
| 12/15/2012 | 0000021307-FC | Interest - 2012 | $ 6,776.77 | | 132,446.70 | |
| 12/31/2012 | 0000021381-CM | FAS Withheld Dec 2012 | | $14,813.24 | 117,633.46 | |
| 1/31/2013 | 0000021625-CM | FAS Withheld January 2013 | | $8,279.72 | 109,353.74 | |
| 2/28/2013 | 0000021758-CM | FAS Withheld Feb 2013 | | $3,089.30 | 106,264.44 | |
| 3/31/2013 | 0000021900-CM | FAS Withheld March 2013 | | $4,135.25 | 102,129.19 | |
| 4/30/2013 | 0000022013-CM | FAS Withheld April 2013 | | $7,967.28 | 94,161.91 | |
| 5/31/2013 | 0000022148-CM | FAS Withheld May 2013 | | $5,059.81 | 89,102.10 | |
| 6/30/2013 | 0000022288-IN | FAS Withheld June 2013 | $ 111,936.83 | | 201,038.93 | |
| 7/31/2013 | 0000022399-IN | FAS Withheld July 2013 | $ 4,890.32 | | 205,929.25 | |
| 8/31/2013 | 0000022613-IN | Moved from Secured Account 1S002 | $ 89,324.90 | | 295,254.15 | |
| 8/31/2013 | 0000022516-CM | FAS Withheld Aug 2013 | | $3,428.79 | 291,825.36 | |
| 9/30/2013 | 0000022647-CM | FAS Withheld | | $8,939.37 | 282,885.99 | |
| 10/31/2013 | 0000022822-CM | FAS Withheld Oct 2013 | | $4,133.01 | 278,752.98 | |
| 11/30/2013 | 0000022954-IN | FAS Withheld Nov 2013 | $ 77,102.94 | | 355,855.92 | |
| 12/15/2013 | 0000023066-FC | Interest - 2013 | $ 8,846.68 | | 364,702.60 | |
| 12/31/2013 | 0000023161-CM | FAS Withheld Dec 2013 | | $2,916.12 | 361,786.48 | |
| 1/31/2014 | 0000023445-CM | FAS Withheld Jan 2014 | | $6,586.67 | 355,199.81 | |
| 2/28/2014 | 0000023600-CM | FAS Withheld Feb 2014 | | $1,193.75 | 354,006.06 | |
| 3/31/2014 | 0000023757-CM | FAS Withheld March 2014 | | $2,492.47 | 351,513.59 | |
| 4/30/2014 | 0000023910-CM | FAS Withheld April 2014 | | $4,139.54 | 347,374.05 | |
| 5/31/2014 | 0000024046-CM | FAS Withheld May 2014 | | $2,585.47 | 344,788.58 | |
| 6/30/2014 | 0000024179-CM | FAS Withheld June 2014 | | $3,409.22 | 341,379.36 | |
| 7/31/2014 | 0000024292-CM | FAS Withheld July 2014 | | $1,983.05 | 339,396.31 | |
| 8/31/2014 | 0000024415-IN | Moved from Secured Acct 1S002 | $ 55,801.00 | | 395,197.31 | |
| 8/31/2014 | 0000024453-CM | FAS Withheld Aug 2014 | | $3,183.37 | 392,013.94 | |
| 9/30/2014 | 0000024575-CM | FAS Withheld Sept 2014 | | $5,023.24 | 386,990.70 | |
| 10/31/2014 | 0000024708-CM | FAS Withheld Oct 2014 | | $1,764.56 | 385,226.14 | |
| 11/30/2014 | 0000024808-CM | FAS Withheld Nov 2014 | | $2,138.32 | 383,087.82 | |
| 12/15/2014 | 0000024919-FC | Interest - 2014 | $ 17,190.34 | | 400,278.16 | |
| 12/31/2014 | 0000025013-CM | FAS Withheld Dec 2014 | | $1,980.69 | 398,297.47 | |
| 12/31/2014 | 0000025085-FC | Interest | | | 398,297.47 | $ 1,576.62 |

Agent ID: 1S002U

4